**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0519-18T3

MARY L. HARRIS
and ARTESE HARRIS,

     Plaintiffs-Respondents,

v.

NICOLE N. ARTY,
SABRINA WILLIAMS,

     Defendants-Respondents,

and

PROGRESSIVE
INSURANCE COMPANY,

     Defendant-Appellant,

and

GEICO INDEMNITY COMPANY,

     Intervenor-Respondent.

_____

Submitted June 2, 2020 - Decided June 29, 2020

Before Judges Accurso, Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-1189-16.

Cooper Maren Nitsberg Voss & DeCoursey attorneys for appellant (Benjamin O. Stewart, on the brief).

McElroy Deutsch Mulvaney & Carpenter, attorneys for intervenor-respondent GEICO Indemnity Company (Michael J. Marone and Richard J. Williams, of counsel and on the brief; Eric G. Siegel, on the brief).

PER CURIAM

Last term, we granted Drive New Jersey Insurance Company (Progressive), plaintiffs' UIM carrier, leave to appeal the trial court's July 3 2018 order declaring GEICO had no duty to defend or indemnify its defendant insureds, whose Florida auto policy provided no bodily injury liability coverage, based on that court's view that the "deemer statute," N.J.S.A. 17:28-1.4, did not require GEICO to provide New Jersey's compulsory minimum bodily injury limits of $15,000 per person/$30,000 per accident. After the case was calendared, the Supreme Court granted certification in Felix v. Richards, 236 N.J. 117 (2018), presenting the same issue raised in this appeal. We determined, with the consent of the parties, to delay decision in this matter pending the Court's decision in Felix.

Following the Court's recent opinion in <u>Felix</u>, holding that insurers such as GEICO that write auto policies in New Jersey, remain obligated under the deemer statute to guarantee New Jersey's $15,000/$30,000 bodily injury liability limits in their out-of-state policies regardless of the actual terms of those policies, <u>Felix v. Richards</u>, 241 N.J. 169, 174-75 (2020), and the Court's denial of GEICO's motion for reconsideration, the parties agree that the trial court's order to the contrary must be reversed and Progressive dismissed because its UIM coverage is not triggered. Accordingly, we reverse the July 3, 2018 order and remand for further proceedings consistent with this opinion and <u>Felix</u>. We do not retain jurisdiction.

Reversed and remanded.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION